**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **DR. RICH EMANUEL**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Civil Action No. 2:07CV819-WKW** |
| | ) | |
| **GEORGE C. WALLACE COMMUNITY** | ) | |
| **COLLEGE,** | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

COMES NOW Defendant George C. Wallace Community College (hereinafter sometimes referred to as "Wallace College") and, by and through its counsel of record, for Answer to the Complaint in the above-styled action, states as follows:

### FIRST DEFENSE

1.  Any and all claims brought by Plaintiff Dr. Rich Emanuel under Title VII of the Civil Rights Act of 1964, as amended, or any statute arising thereunder (hereinafter referred to as "Title VII") are due to be dismissed in that the Plaintiff has failed to meet the legal requisites for any such claims to be filed with this Court, particularly in view of the fact that no investigation was completed and no decision was made with regard to the Charge of Discrimination filed by the Plaintiff with the Equal Employment Opportunity Commission.

### SECOND DEFENSE

2.  Wallace College asserts its immunity under the Eleventh Amendment to the United States Constitution from the claims made by the Plaintiff in the Complaint, particularly in view of the fact that the legal requisites established by Congress for the investigation and determination of Title VII Charges of Discrimination against State entities were not met with

respect to the E.E.O.C. Charge of Discrimination filed by the Plaintiff against Wallace College.

THIRD DEFENSE

3.  The Complaint fails to meet the requisites for a declaratory judgment to lie against the Defendant.

FOURTH DEFENSE

4.  The Complaint fails to meet the requisites for a temporary or permanent injunction to lie against the Defendant.

FIFTH DEFENSE

5.  The Plaintiff has failed to exhaust available administrative remedies.

SIXTH DEFENSE

6.  In the event that the Plaintiff has suffered any damages, which is denied, there has been no wrongful act or omission on the part of the Defendant that was the proximate cause of any such alleged damages.

SEVENTH DEFENSE

7.  The Defendant's actions in the non-selection of the Plaintiff for the position at issue were motivated by legitimate, non-discriminatory, non-retaliatory reasons that were not pretextual.

EIGHTH DEFENSE

8.  The non-selection of the Plaintiff for the position referenced in the Complaint was based on legitimate business factors and was not based on or motivated by sex, race, or any other improper factor.

NINTH DEFENSE

9.  The Complaint fails to state a claim against the Defendant upon which relief may be

granted.

TENTH DEFENSE

10.  The Defendant asserts the defense of the applicable statute of limitations against any and all claims that arose outside the applicable statute of limitations period for each such claim.

ELEVENTH DEFENSE

11.  The Defendant asserts the "*Mt. Healthy*" Defense.

TWELFTH DEFENSE

For further answer to the Complaint, the Defendant states:

12.  With respect to Paragraph 1 of the Complaint, Wallace College reasserts the various grounds stated hereinabove for the lack of jurisdiction of this Honorable Court and denies that the Plaintiff is entitled to relief under any of the legal authorities cited in Paragraph 1.

13.  With regard to the first sentence in Paragraph 2 of the Complaint, the Defendant denies that there has been any "act of discriminatory treatment" of the Plaintiff by the Defendant. With regard to the second sentence of Paragraph 3, the Defendant denies that the Plaintiff received a "right-to-sue letter" from the E.E.O.C. and demands strict proof thereof. The Defendant further demands that, in the event that the Plaintiff did receive a right-to-sue letter, the Plaintiff submit strict proof that the Complaint was filed in a timely fashion.

14.  With respect to Paragraph 3 of the Complaint, the Defendant is without sufficient knowledge to admit or deny the age and citizenship of the Plaintiff and demands strict proof thereof.

15.  With regard to Paragraph 4 of the Complaint, the Defendant admits that it is a State of Alabama educational institution and is an "employer" as that term is contemplated by Title VII.

16.  With respect to Paragraph 5 of the Complaint, the Defendant is without sufficient knowledge to admit or deny the race and sex of the Plaintiff and demands strict proof thereof.

17. The allegations stated in Paragraphs 6 through 10 of the Complaint are admitted.

18.  With respect to the allegations stated in Paragraphs 11 through 13, those allegations are denied.  As President Linda C. Young informed the Equal Employment Opportunity Commission in response to the Plaintiff's E.E.O.C. Charge of Discrimination, "[Dr. Young's] decision to appoint Ms. Ware was based on [Dr. Young's] determination of her overall suitability for the position."

19.  With regard to Paragraph 14 of the Complaint, the above responses are incorporated by reference.

20.  With respect to Paragraphs 15 and 16, the allegations contained therein are denied.

21.  In making the appointment that is at issue in the Complaint, the President of Wallace acted consistently with hiring procedures that were approved by this Court as part of Civil Action No. 89-T-196-N, which was an action arising from claims of race and sex discrimination in hiring and promotions.  Even though that action and its Consent Decrees have now terminated, Wallace College still follows the standards established in that action for the hiring of full-time instructors, and Wallace College respectfully submits that it would be illogical for this Court to find that the College acted in a discriminatory manner when the College acted in a manner that was consistent with non-discrimination criteria approved by this very Court. The criteria approved by this Court for consideration in the hiring of full-time instructors pursuant to a Partial Consent Decree entered in Civil Action No. 89-T-196-N on August 11, 1995 are stated in the Decree in the following manner:

"(1)    minimum education, certification and experience requirements, or a combination

4

thereof, for the position;

(2)      additional education, certification and/or experience considered desirable for the

position;

(3)      evidence of past performance and/or occupational competency that is

accompanied by reliable indicia that it is free of racial or gender-based bias;

(4)      any particular needs of students or others who will work with or who may be

served by the person selected; and

(5)      the particular needs of the college and community it serves for racial, ethnic,

cultural and/or gender diversity."

The Court-approved process goes on to state that:

"b. In addition, selection shall take into consideration the following criteria, which cannot

be spelled out in the job description:

(1)      any particular personal qualities and characteristics of any applicant that

demonstrably enhance or detract from the applicant's ability to perform the job

duties;

(2)      the employment goals adopted by the State Board of Education pursuant to

Section B.3. hereinabove; and

(3)      the best interests of the college, its students, faculty and staff, and the public."

The Decree's provisions on selection criteria conclude with the following statement:

"c. Except for the minimum education, experience and certification requirements, the

preceding selection criteria shall be applied flexibly and in their totality and shall not be

used to create rigid or mathematical measurements."

22.  With regard to the relief demanded by the Plaintiff, the Defendant submits that none

of the requested relief is due to be granted and that the Plaintiff is not entitled to any relief of any kind whatsoever.

Wallace College reserves the right to rely upon the affirmative defenses stated herein to the extent that such defenses are available, or may become available or apparent during the course of this action. Moreover, the Defendant reserves the right to amend this Answer and to add any and all additional defenses that become apparent during the course of discovery.

Furthermore, because of the frivolous nature of the claims made in the Complaint, the Defendants respectfully reserves its right to assert a claim against the Plaintiff and the Plaintiff's attorney of record for an award to the Defendant of such attorney's fees and costs and expenses as the Court shall deem fair and reasonable upon the dismissal of this action.

Respectfully submitted,

_____
**Joan Y. Davis** (ASB-1938-A42J)
Assistant Attorney General

Attorney for Defendant
George C. Wallace Community College

**Alabama Department**
**of Postsecondary Education**
Division of Legal and Human
Resources
Alabama Center for Commerce
401 Adams Avenue
Montgomery, Alabama 36130-2130
Tele: (334) 242-2982
Fax: (334) 242-0246

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document has been served upon the following persons by placing the same in the United States Mail, first class postage prepaid, and properly addressed, on this the _____ day of September, 2007:

**Hon. Adam M. Porter**
Attorney at Law
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203.


_____
    **Joan Y. Davis**

7