IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. RICH EMANUEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV-07-819-WKW |
| | ) |
| GEORGE C. WALLACE | ) |
| COMMUNITY COLLEGE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AFFIDAVIT FILED WITH REPLY BRIEF**

Comes now defendant, George C. Wallace Community College ("GCWCC"), and files this response in the above-styled case to the plaintiff's motion to strike affidavit filed with reply brief. In opposing the plaintiff's motion, GCWCC will address the plaintiff's arguments in turn.

**LEGAL ARGUMENT**

I. **The Court's Briefing Order does not preclude the admission of Dr. Thompson's Affidavit. Furthermore, the admission of the Affidavit would not prejudice Emanuel.**

In his motion to strike, Emanuel alleges that this Honorable Court's Briefing Order (Doc. 15) does not allow the defendant to file additional evidence with its reply brief. However, the Briefing Order does not expressly preclude the filing of any evidence with the defendant's reply brief. In fact, the Briefing Order only addresses evidence in response to the original motion for summary judgment and the opponent's response brief.

In fact, the Briefing Order makes clear that any evidence in support of either the original motion, or the response brief, should be filed simultaneously with such brief.  Dr. Thompson's subsequent Affidavit was filed in support of GCWCC's reply brief, and as it supports GCWCC's reply brief, it was filed simultaneously with the reply brief.

Dr. Thompson's subsequent Affidavit is offered as rebuttal evidence to refute the plaintiff's contention that GCWCC failed to establish the phone conversation between Drs. Thompson and Young occurred before Dr. Young's decision to hire Ms. Ware. (Doc. 24, pp. 13-15).  Because the affidavit is being offered for rebuttal purposes, there was previously not an appropriate time in which GCWCC could have submitted this affidavit.  The plaintiff further alleges that the conversation between Drs. Thompson and Young occurred after Dr. Young's hiring of Ms. Ware based on the tense of the verbs that Dr. Thompson used in his initial affidavit. (Doc. 26, pp. 1-2).  Dr. Thompson submitted this subsequent affidavit to supplement the original affidavit, hoping to clear up any misconstruction of the tense of verbs he chose to use in his original affidavit.

Lastly, plaintiff contends that he will be prejudiced were this Honorable Court to accept Dr. Thompson's subsequent affidavit. (Doc. 26, pp. 1-2).  Emanuel alleges that he would be prejudiced because he "elected not to depose Thompson after receiving his first affidavit," as well as the fact that "defendant was well aware that plaintiff would contest the issue of when this conversation supposedly took place." (Doc. 26, pp. 1-2).  As GCWCC has no objection to either Emanuel taking Dr. Thompson's deposition, or presenting their own evidence in reply to Dr. Thompson's subsequent affidavit, the plaintiff would not be prejudiced by the Court accepting Dr. Thompson's subsequent

affidavit.

The plaintiff's motion to strike Dr. Thompson's subsequent affidavit should be denied by this Honorable Court. The Briefing Order entered by this Honorable Court is silent to the matter of evidence submitted with the reply brief, and does not preclude Dr. Thompson's subsequent affidavit from being admitted at this point in time. Furthermore, Dr. Thompson's affidavit is being submitted as rebuttal evidence in support of GCWCC's reply brief, as well as supplemental evidence to clear up any misconstruction of Dr. Thompson's previous affidavit. Lastly, the plaintiff would not be prejudiced by the admission of this affidavit at this time, as GCWCC in no way opposes plaintiff's ability to introduce evidence in response to Dr. Thompson's affidavit or to depose Dr. Thompson.

**II.     Dr. Thompson's Affidavit is not based on hearsay, as the statements in question are not being offered for the truth of the matter asserted, but rather to show Dr. Thompson's state of mind.**

Emanuel's motion to strike Dr. Thompson's subsequent affidavit, Emanuel alleges that the affidavit should be stricken as it is based on inadmissible hearsay. (Doc. 26, p. 2). Emanuel bases this allegation on the fact that the affidavit is not based on Dr. Thompson's own personal knowledge, but rather based on the timing of a conversation he had with Dr. Young. According to Emanuel, this is "classic hearsay under Fed. R. Evid. 801 and is inadmissible under Fed. R. Evid. 802." (Doc. 26, p. 2). If the above-referenced statements in Dr. Thompson's affidavit were being offered to prove the truth of the matter asserted, Emanuel's characterization of the statements as hearsay under Rule 801 would be accurate. However, the above-referenced statements in Dr.

3

Thompson's affidavit are only being offered to show Dr. Thompson's state of mind, and are therefore admissible as non-hearsay.  It is clear from the face of the affidavit that it is not based on any specific comments made by Dr. Young, but rather the effect that those comments had on Dr. Thompson. In Gamble's treatise on Alabama evidence, he recognizes as non-hearsay a statement offered to show the state of mind of the hearer. *See Gamble*, McElroy's Alabama Evidence § 242.01 (1)(c)(4).  As the statement in Dr. Thompson's affidavit referred to Dr. Young's comments as a whole, they are being offered to show the effect the statements had on Dr. Thompson.

Accordingly, this Honorable Court should deny plaintiff's motion to strike Dr. Thompson's affidavit, as Dr. Thompson's affidavit is not based on hearsay.

**WHEREFORE**, defendant GCWCC moves this Honorable Court to deny plaintiff's motion to strike defendant's affidavit.

    Respectfully submitted,

    s/Andrew W. Christman (CHR024)
    Attorney for Defendant
    George C. Wallace Community College

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P. O. Box 4190
Montgomery, AL  36103
Telephone:  (334) 834-9950
Facsimile:  (334) 834-1054

## CERTIFICATE OF SERVICE

On this 27th day of August, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Adam M. Porter
2301 Morris Avenue, Ste. 102
Birmingham, AL 35203

s/Andrew W. Christman