IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICH EMANUEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-819-WKW [WO] |
| ) | |
| GEORGE C. WALLACE ) | |
| COMMUNITY COLLEGE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Within fourteen days of an entry of judgment in favor of George C. Wallace Community College ("GCWCC") (Doc. # 35), GCWCC filed a motion for attorney fee's pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 2000e-5(k) (Doc. # 36). Plaintiff Dr. Rich Emanuel ("Emanuel") filed a response opposing the award of attorney's fees. (Doc. # 41.) For the following reasons, the motion for attorney's fees (Doc. # 36) is due to be denied.

In the Memorandum Opinion and Order entered October 27, 2008, summary judgment was granted in favor of GCWCC. (Op. 27 (Doc. # 34).) Emanuel's suit against GCWCC alleged one count of race and gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e)-2000e-17 ("Title VII"). (Op. 2.) Emanuel initially pursued his discrimination claim under two theories, disparate impact and disparate treatment, but dropped his disparate impact theory in his response to GCWCC's motion for summary judgment. (Op. 8.)

GCWCC requests $18, 945.00 for the fees expended on refuting Emanuel's disparate impact theory. (Mot. 7.) In support of the motion, GCWCC argues that as the prevailing party on the disparate impact theory, it is entitled to attorney's fees because Emanuel's claim was frivolous. (Mot. 2-4.) In response, Emanuel argues against awarding attorney's fees to GCWCC on the basis of four reasons: (1) that his disparate impact theory was not frivolous; (2) that GCWCC was not a prevailing defendant under the statute; (3) that the disparate impact theory claim was interrelated to the disparate treatment theory; and (4) that GCWCC never requested fees in the pleadings.

Courts in their discretion may allow the "prevailing party" in a Title VII action reasonable attorney's fees as part of its costs. 42 U.S.C. § 2000e-5. A plaintiff should not be assessed fees for a Title VII claim "unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christianburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978). In determining whether a claim meets this standard, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421-22. The Eleventh Circuit has fleshed out this standard by delineating the following factors for determining frivolity: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the

2

merits." *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985); *see, e.g.*, *Bruce v. City of Gainsville, Ga.*, 177 F.3d 949, 952 (11th Cir. 1999) (relying on *Sullivan* to discuss the standard for the Eleventh Circuit); *Owensby v. J.F. Ingram State Technical Coll.*, No. 2:06-cv-796-WKW, 2008 WL 2782739, at *1 (M.D. Ala. July 15, 2008) (Watkins, J.) (laying out the standard). The factors are "general guidelines only, not hard and fast rules." *Sullivan*, 773 F.3d at 1189. "Determinations of frivolity are to be made on a case-by-case basis." *Id.*

The defendant must be a *prevailing* party on a claim to even argue that a plaintiff should be assessed attorney's fees. § 2000e-5(k). Only when a defendant is found to be a prevailing party is an analysis of the merits of the claim relevant. *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) (explaining that after a court identifies the movant, "[t]he court must then consider whether the movant is a prevailing party," and only after that, determine in its discretion whether to award fees, *see also id.* at 511).[1] The Eleventh Circuit has not addressed in detail the definition of a prevailing *defendant*. The definitions applied by the Eighth and Fifth Circuits are at odds. In *Dean*, the Fifth Circuit held as a matter of first impression and on a legal issue "scantly traversed" by other circuits, 240 F.3d at 508, that a defendant is not a prevailing party when a plaintiff "voluntarily dismisses his claim, *unless*

---

[1] *Dean* concerned attorney's fees under 42 U.S.C. § 1988, which permits attorney's fees for civil rights actions, 240 F.3d at 507, but the standard for attorney's fees is no less stringent for § 1988 claims than it is for Title VII claims. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *see Owensby*, 2008 WL 2782739, at *1 n.1 (explaining *Hughes*). The Eleventh Circuit has described the standard as applicable to both Title VII and § 1983 actions. *See Sullivan*, 773 F.2d at 1188.

the defendant can demonstrate that the plaintiff withdrew to avoid a disfavorable judgment on the merits," *id.* at 511 (emphasis added).  As the *Dean* court explains, the Eighth Circuit's rule is instead "narrow" and "bright-line."  *Id.*  In the Eighth Circuit, "'[t]o obtain prevailing party status, a defendant *must* be able to point to a *judicial declaration* to its benefit.'"  *Id.* (emphases added) (quoting *Marquart v. Lodge 837*, 26 F.3d 842, 852 (8th Cir. 2001)).

GCWCC is not a prevailing defendant under either definition.  The Fifth Circuit's standard is a more favorable definition for GCWCC, so it will apply for purposes of this motion.[2]  Emanuel voluntarily dropped the disparate impact theory for his discrimination claim.[3]  He did not ignore it on summary judgment, presenting no evidence.  He instead dropped the line of argument ostensibly because Emanuel's counsel, Adam Porter ("Porter"), determined that "plaintiff's best shot at getting past summary judgment would be to withdraw the disparate impact claim because pretext, which was determined to be the biggest issue in the case, would have to be argued under both theories anyway and fighting the prima facie

---

[2] The Southern District of Alabama, in an unpublished opinion, also cites both *Marquart* and *Dean*, but relies on *Dean*.  *Dzwonkowski v. Dzwonkowski*, No. 05-0544-KD-C, 2008 WL 2163916, at *12 (S.D. Ala. May 16, 2008) (citing also three additional cases, two of which support the Fifth Circuit's position, and one of which, from the Southern District of Florida, supports the Eighth Circuit's position, *see id.* at *12 n.13).  It is not necessary to resolve which standard applies, as under the standard most lenient to GCWCC, it still loses.

[3] Emanuel did not voluntarily drop a claim in the customary sense, but a theory for proving a claim.

case under the disparate impact theory was unnecessary and could detract from the pretext argument." (Resp. 5; Adam Porter Decl. ¶ 5 (Resp. Ex.).)[4]

It is important to the determination of whether GCWCC is a prevailing defendant that Emanuel, and not the court, dismissed his disparate impact theory. Furthermore, the evidence does not show that the dismissal was to avoid an unfavorable ruling on the merits. There are many reasons why plaintiffs may withdraw claims for strategic considerations outside of avoiding a ruling on the merits in federal court. *Dean*, 240 F.3d at 510 (noting that plaintiffs may withdraw claims to pursue exclusively state-law remedies, or because over the course of litigation, various changes may render an apparently meritorious claim too difficult to prove). Indeed, in some instances, withdrawing a claim "would be the prudent thing to do." *Id*. GCWCC certainly prevailed on the discrimination claim, but only on a discrimination claim premised on disparate treatment. Emanuel dropped his disparate impact theory, and presented evidence that it was abandoned for the strategic purpose of focusing the inquiry at summary judgment. Even if, however, Emanuel dropped the disparate impact theory because the summary judgment motion revealed its weakness, that does not mean the disparate impact theory was *meritless* at the time of summary judgment. *See Owensby*, 2008 WL 2782739, at *3 (analyzing the instant where the plaintiff's claims became meritless based on the *Christianburg*'s standard's incorporation of a timing element).

---

[4] Porter's reasoning is presented to illumine *that* Emanuel had a strategic justification, not to comment on that reasoning's merits.

5

All that GCWCC relies upon to justify finding Emanuel's disparate impact theory frivolous is the fact that he abandoned it in response to summary judgment.[5]  (Mot. 4-5.) Without more, there is only Emanuel's explanation for why he abandoned the theory.  The evidence, therefore, does not suggest that Emanuel abandoned the disparate impact theory to avoid a decision on the merits.  Because Emanuel voluntarily dropped his disparate impact theory – and because the evidence does not show that Emanuel withdrew it to avoid an unfavorable treatment on the merits – GCWCC is not a prevailing party for purposes of awarding attorney's fees for the disparate impact theory of Emanuel's discrimination claim.

Accordingly, it is ORDERED that the motion for attorney's fees (Doc. # 36) is DENIED.

DONE this 20th day of January, 2009.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[5] Though GCWCC's discussion concerns whether the claim is frivolous, an analysis not reached in this opinion, the justifications are relevant to determining whether GCWCC is a prevailing party, *i.e.*, to why the disparate impact theory was abandoned.